## CIRCUIT COURT OF FAIRFAX COUNTY

Ron Downing

v.

Fairfax County School Board

### July 7, 1992

### Case No. (Chancery) 125668

BY JUDGE MARCUS D. WILLIAMS

The Court has before it the appeal by Ron and Cheryl Downing ("the Downings") of a refusal by the Fairfax County School Board ("the Board") to authorize a religious exemption from compulsory school attendance for Heather Downing. The Downings, petitioners here, sought exemptions on behalf of their children, Jason, 13, and Heather, 16, as provided in the Code of Virginia, 1950, as amended, § 22.1–257. The Board granted an exemption for Jason but denied one for Heather, citing as its reason the Downings' refusal to allow the school board to meet with her.

No constitutional issues are before the Court. The decision of the Board shall not be disturbed unless the Board exceeded its authority, acted arbitrarily, or abused its discretion. Va. Code § 22.1–87.

Jason and Heather Downing attended Fairfax County Public Schools through the 1989–1990 school year. By letter dated August 30, 1990, Ron Downing notified the Board that he intended to claim religious exemptions on behalf of his children. He said in the letter that his reasons for seeking the exemptions were "strictly personal religious ones," and that he did not intend to comply with the requirements for home instruction set forth in Va. Code § 22.1–254.1. (Transcript, Exhibit B). A letter dated October 16, 1990, repeated the claim and bore the signatures of the Downings and their two children. (Transcript, Exhibit B).

By letter dated November 27, 1991, the division superintendent notified the Downings that he was recommending the exemption for Heather be denied because "[t]he age of the child is such that her views should be considered in the request, and you have maintained that you alone will speak for your child. Further, you have declined to permit your child to meet with school staff." (Appendix A to Petition for Review). Following a hearing on March 26, 1992, at which the Downings appeared with counsel and presented the argument discussed below, the Board denied the exemption. An April 2, 1992, letter from the Board to the Downings explained that they had denied the exemption because the Downings had refused to permit Heather to meet with the School Board or with school system staff "to explain or discuss her position on school attendance." Without meeting her, the Board could not determine whether Heather conscientiously opposed school attendance. (Appendix D to Petition for Review). This appeal followed.

Va. Code § 22.1–257(A)(2) provides that "A school board shall excuse from attendance at school any pupil who, together with [her] parents, by reason of bona fide religious training or belief, is conscientiously opposed to attendance at school." To qualify for the exemption, the objection must not be on the basis of essentially political, sociological or philosophical views or a merely personal moral code, but rather must be the product of bona fide religious beliefs. *Johnson v. Prince William County School Board*. 241 Va. 383 (1991).

The Board's current policy under § 22.1–257 is to consider the views of children who are age fourteen or older. (Letter from K. Whitney to Mr. and Mrs. Downing, April 2, 1992, Appendix D to Petition for Review).

Ron and Cheryl Downing assert that they conscientiously oppose attendance at school and that they are training Heather to believe as they do. They read the statutory exemption to permit the requisite conscientious opposition to spring from either training or belief. Having elected to satisfy the exemption by proof of training, they argue that their evidence concerning Heather's training is sufficient to warrant an exemption and that the school board plainly exceeded its authority, abused its discretion, or acted arbitrarily and capriciously when, notwithstanding the Downings' representations, it insisted on meeting with the child.

The dispositive point is that the statute focuses on the conscientious opposition of the child. Under an earlier form of the statute, the Downings may have met the requirement as it then existed. The earlier law excused each child "whose parents conscientiously object [to school], provided no such child shall be excused unless the written consent of his parents or guardians be given." Va. Code § 22–275.4 (1973 Repl. Vol.). The parents' objection was apparently both necessary and sufficient for an exemption.

That is no longer the case. Since it was amended in 1976, the statute requires conscientious opposition from "the pupil . . . together with her parents." Under the present statute, the parents' objection appears to be necessary but by no means sufficient. To permit, at the Downings' word, the exemption of their sixteen-year-old daughter would be to disregard the express intent of the state legislature.

The Virginia Supreme Court has recognized that intent. In a footnote in *Johnson*, which involved religious exemptions for two boys aged five and six, the Court noted that the statute places as much importance on the views of the child as on those of the parents, then continued:

> The record discloses nothing, however, about the beliefs of the Johnson children, although the question was raised at the school board hearing . . . . This omission, we assume, results from the fact that the children are of such tender years that they have not developed any religious beliefs one way or the other on the question [of conscientious opposition].

241 Va. at 387, n. 5. Accordingly, when children have had sufficient time and experience to develop religious beliefs of their own, their views should be heard.

Finally, the Virginia Attorney General has voiced a similar view:

> [C]ompliance with the statutory provisions . . . requires that the pupil's religious beliefs or training be considered, along with the beliefs or training of the parents, in determining whether a religious exemption should be granted. The weight to be given to the child's beliefs in this determination necessarily depends upon the facts in each particular case. The age and intellectual ability of the child may also be considered.

1987–1988 Report of the Attorney General 330, 333. (Emphasis omitted). The Board's desire to hear from the Downings' sixteen-year-old daughter on whether she opposes attendance at school is well within the spirit and the letter of the statute.

Although Heather receives religious training from her parents, it does not necessarily follow that she conscientiously opposes attendance at school as they do. The Board was not satisfied with the testimony of the parents and others and was acting within its authority to request an interview with Heather.

For the foregoing reasons, the Court cannot find that the Board exceeded its authority, acted arbitrarily and capriciously, or abused its discretion in denying Heather's exemption.